# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ARNALDO LUGO FERNANDEZ,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:13cv323-MW/CAS**

**MICHAEL CREWS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed a "petition to remove soy-laden diet," doc. 1, which is deemed to be a civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion to proceed in forma pauperis, doc. 4, has been granted in a separate order entered this day. Because Plaintiff is not required to submit an initial partial filing fee, the complaint has been reviewed.

Plaintiff's complaint is not on court forms as required by N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff also did not properly sign the complaint under the declaration that all statements are true and correct. Doc. 1 at 13. Rather, Plaintiff signed only the certificate of service and in doing so, failed to complete the information indicating on what date the complaint was given to prison officials for mailing. Nevertheless, despite

those deficiencies, the allegations of the complaint have been reviewed and, because this issue has been squarely rejected in five prior cases before this Court, this complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**Plaintiff's Allegations**

Plaintiff is a state prisoner who claims that his Eighth Amendment rights are violated because prison officials have instituted a meal menu which contains a high level of soy content. Doc. 1 at 3-4. Plaintiff contends that a doctor, not named as a Defendant in this case, cancelled a "low residue diet" for Plaintiff in 2010. Since then, Plaintiff has experienced various health problems. *Id.* at 4-5. Plaintiff also contends that in 2009, the Department of Corrections instituted a new meal plan which contains high soy protein content in an effort to lower costs. Plaintiff contends he has been selectively eating "alternate entree trays" to avoid the soy protein, but contends that because the alternate tray consists of a high percentage of beans, it does not provide a nutritionally adequate diet. *Id.* at 6-7. Plaintiff complains that the high level of soy causes Plaintiff to suffer digestive problems, constipation, hemorrhoids, a hernia, acne, peritoneal abscess, stomach pains, and excessive gas and discomfort. *Id.* at 7-8. Plaintiff contends these symptoms are consistent with soy poisoning and that Defendants reasonably should have known that "high levels of soy-laden protein would cause [Plaintiff] to suffer soy poisoning . . . ." *Id.* at 11. Plaintiff contends Defendants are deliberately indifferent to his Eighth Amendment rights. *Id.* at 11-12.

**Analysis**

The United States Constitution does not require "comfortable prisons" with all the amenities, but it requires that prisons not be "inhumane." Farrow v. West, 320 F.3d

1235, 1242 (11th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). The conditions of prison life and the treatment of prisoners is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. Farrow, 320 F.3d at 1242-43, *citing* Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). In general, "prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain' " Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement. Chandler, 379 F.3d at 1289. "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992), *cited in* Chandler, 379 F.3d at 1289.

> The challenged condition must be "extreme." *Id.,* at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.,* at 35, 113 S.Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.,* at 36, 113 S.Ct. at 2482.


Chandler, 379 F.3d at 1289. The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue. Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted); 379 F.3d at 1289. "The proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289, *citing* Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993) (finding inmate's allegations about the use of Nutraloaf did not "rise to the threshold level of a deprivation that satisfies *Wilson's* objective component."), *citing* Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977). "Federal courts '[c]annot be concerned with a prison menu to which prisoners believe they are entitled. These involve matters of internal prison administration.' " Tunnel v. Robinson, 486 F.Supp. 1265, 1269 (W.D.Pa.1980), *quoted in* Ruiz v. Furnham, 2010 WL 5289003, * 2 (N.D.Fla., 2010).

The issue raised in Plaintiff's complaint has already been fully litigated in this Court. In Hong v. McNeil, Case No. 4:10cv155-SPM/WCS, 2012 WL 512688 (N.D.Fla. Jan. 6, 2012), summary judgment was granted in favor of the prison officials. The Defendants demonstrated that soy products are economical and there was no evidence that such products produce harm or, moreover, that Defendants *intended* such harm. Hong, 2012 WL 512688 at *6. Without a culpable state of mind, the Eighth Amendment claim must fail. Indeed, the same claims have been brought in several other cases in this Court and all cases reached the same conclusion. Summary Judgment was also granted in Meddler v. Buss, Case No. 4:10cv532-SPM/WCS, 2011 WL 7143584 (N.D.

Fla. Dec. 5, 2011), and Floyd v. McNeil, Case No. 4:10cv289-RH/WCS, 2011 WL 6955839 (N.D. Fla. Dec. 5, 2011), on the same ground. Other cases have been dismissed prior to service for failure to state a claim: Harris v. McNeil, Case No. 5:10cv76–RS/MD, dismissed on August 3, 2010; Ruiz v. Furnham, Case No. 4:10cv275-MP/GRJ, 2010 WL 5289003 (N.D. Fla. Dec. 2, 2010), dismissed on December 16, 2012; Mott v. Fuhrman, Case No. 5:10cv146–SPM/AK, dismissed on August 23, 2010; and Catlin v. McNeil, Case No. 4:11cv624-WS/GRJ, dismissed on April 20, 2012.

There is no need to serve this complaint on the Defendants as Plaintiff's allegations fail to state a claim pursuant to the prior decisions of this Court. Plaintiff did not allege a sufficient serious condition of confinement and he has not shown a sufficiently culpable state of mind of the Defendants. This case should follow the prior decisions in the Northern District of Florida that have concluded the Department of Corrections' menu, which includes soy protein, does not violate the Eighth Amendment.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2013.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**